UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT A. SANDERS, Individually and on behalf of all others similarly situated, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>VERIFONE SYSTEMS, INC., ET AL.,<br><br>Defendants. | Case No.: 5:13-CV-01038-EJD<br><br>**ORDER DENYING (1) MOTIONS FOR CONSOLIDATION; AND (2) STIPULATION IN RELATED ACTION <u>ZOUMBOULAKIS V. RICHARD A. MCGINN, ET AL.</u>; GRANTING THE SELZ FUNDS' MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**<br><br>**[Re: Docket Nos. 25, 26, 31, 33]** |

Presently before the court in these related securities class actions are four motions for (1) consolidation of related actions; (2) appointment as lead plaintiff, and (3) approval of selection of lead counsel brought, respectively, by plaintiffs Länsförsäkringar Fondförvaltning AB; The Selz Family 2011 Trust, Karnak Partners L.P., Ermitage Selz Fund Ltd., GAM Selection Hedge Investments, Inc. and Bernard Selz (collectively, the "Selz Funds"); Austin Police Retirement System; and Ironworkers Locals 40, 361 & 417 – Union Security Funds, Iron Workers Local 580 – Joint Funds, and Iron Workers District Council of Western New York and Vicinity, Pension and Annuity Funds, and Manh Phan's (collectively, "the Iron Workers and Phan") (together with the above-listed plaintiffs, "Movants"). Dkt. Nos. 25, 26, 31, 33. Also before the court is a later-filed

1

Case No.: 5:13-CV-01038-EJD
ORDER DENYING (1) MOTIONS FOR CONSOLIDATION; AND (2) STIPULATION IN RELATED ACTION <u>ZOUMBOULAKIS V. RICHARD A. MCGINN, ET AL.</u>; GRANTING THE SELZ FUNDS' MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

stipulation to enlarge defendants' time to respond, appoint lead counsel, and consolidate in related case Zoumboulakis v. Richard A. McGinn, et al. No. 13-CV-2379, Dkt. No. 10.  The court found these matters suitable for decision without oral argument and previously vacated the hearing pursuant to Civil Local Rule 7-1(b).  Having reviewed the parties' submissions, and for the following reasons, the court DENIES the class action plaintiffs' motions for consolidation, DENIES the stipulation in Zoumboulakis, and GRANTS the Selz Funds' motion for appointment as lead plaintiff and approval of their selection of lead counsel.

## I.     Background

Movants seek to consolidate three pending securities fraud class action lawsuits brought on behalf of persons who purchased or otherwise acquired publicly-traded securities of Defendant VeriFone, Inc. between December 14, 2011 and February 20, 2013.  These actions each allege that VeriFone and individual defendants Douglas G. Bergeron, Robert Dykes, and Marc E. Rothman (collectively with VeriFone, "Defendants") violated Sections 10(b) and 20(a) of the Securities Exchange Act ("Exchange Act") and Securities and Exchange Commission Rule 10b-5 by misrepresenting the nature of VeriFone's growth as well as its business, operational and compliance policies during the alleged class period.  See, e.g., No. 13-CV-1038, Dkt. No. 1 at ¶¶ 1-8.  The cases implicated in Movants' motions are:

| Abbreviated Case Name | Case Number | Date Filed |
| --- | --- | --- |
| Sanders v. VeriFone | 5:13-CV-01038-EJD | March 17, 2013 |
| Laborers Local 235 Benefit Funds v. VeriFone | 3:13-CV-01676-JST | April 12, 2013 |
| Bland v. VeriFone | 4:13-CV-01853-SBA | April 23, 2013 |

These cases were never ordered related, and the Laborers Local and Bland plaintiffs each filed a Notice of Voluntary Dismissal without Prejudice in their respective cases.  See No. 13-CV-1676, Dkt. No. 7; No. 13-CV-1853, Dkt. No. 5.

2

Case No.: 5:13-CV-01038-EJD
ORDER DENYING (1) MOTIONS FOR CONSOLIDATION; AND (2) STIPULATION IN RELATED ACTION ZOUMBOULAKIS V. RICHARD A. MCGINN, ET AL.; GRANTING THE SELZ FUNDS' MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

On May 6, 2013, plaintiffs Roy McMillan, Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plan ("Philadelphia Iron Workers"), Länsförsäkringar Fondförvaltning AB, Austin Police Retirement System, the Selz Funds, the Iron Workers and Phan, and Oklahoma Firefighters Pension and Retirement System each filed a Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of its Selection of Lead Counsel in the instant action. Dkt. Nos. 10, 11, 25, 26, 31, 33, 35. Plaintiffs Roy McMillan, Philadelphia Iron Workers, and Oklahoma Firefighters Pension and Retirement System subsequently withdrew their motions. Dkt. Nos. 40, 46, 94. Plaintiffs Austin Police Retirement System and Länsförsäkringar Fondförvaltning AB filed statements of non-opposition to the competing motions. Dkt. Nos. 39, 44.

After the filing of these competing motions, on July 22, 2013, Defendants filed a motion to relate this case to Zoumboulakis v. McGinn, et al., a companion shareholder derivative suit that had been assigned to Judge Paul S. Grewal. Dkt. No. 50. The court ordered Zoumboulakis related to the instant case on August 12, 2013. Dkt. No. 57. The competing motions for consolidation and appointment of lead plaintiff and lead counsel presently before the court, which were filed before the relation, did not contemplate this additional related case.

## II. Discussion

### a. Consolidation

Each movant has filed a motion for consolidation of the above-identified securities class actions, and such motions are uncontested. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the court must decide whether to consolidate any related actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. See 15 U.S.C. § 78u–4(a)(3)(B)(ii). The court notes that the three securities class actions discussed above each raise nearly identical claims under nearly identical facts, and thus would typically be considered appropriate for consolidation. See Fed. R. Civ. P. 42(a). In this instance, however, the court finds itself in a procedural quandary: the movants ask the court to consolidate cases that have already

3

been dismissed. See No. 13-CV-1676, Dkt. No. 7; No. 13-CV-1853, Dkt. No. 5. Moreover, these dismissed cases were at no point in time ordered related to the instant matter. Considering these circumstances, the court DENIES the motions for consolidation as moot.

### b. Related Derivative Action

The court must also consider whether to consolidate the instant securities class action with the related Zoumboulakis action. See No. 13-CV-2379, Dkt. No. 10. Unlike the actions discussed above, Zoumboulakis is a derivative suit brought on behalf of nominal defendant VeriFone and contains claims of (1) breach of fiduciary duty; (2) abuse of control; and (3) Violation of Exchange Act Section 14(a). See id. at Dkt. No. 1. On August 12, 2013, more than four months after the above-mentioned motions for consolidation and for appointment of lead counsel and plaintiff were filed, the Zoumboulakis parties filed a stipulation to, inter alia, consolidate the derivative action with this securities class action, appoint Ms. Zoumboulakis as lead plaintiff, and appoint her counsel as lead counsel. See 13-CV-2379, Dkt. No. 10.

While the court may consolidate cases involving a common party and common issues of fact or law (see Fed. R. Civ. P. 42(a)), consolidation is nonetheless inappropriate if it causes confusion or leads to delay, inefficiency, inconvenience, or unfair prejudice to a party (see Fed. R. Civ. P. 42(b)). Here, the parties have failed to show that consolidation of the shareholder derivative action with the instant securities class action would be appropriate. The nature of a derivative action differs substantially from that of a securities class action: the two have varying procedural and substantive requirements, not the least of which is the requirement that a securities class action, but not necessarily any corollary derivative action, be governed by the PSLRA. Moreover, Zoumboulakis names nine defendants in addition to the named defendants in the securities class action[1]; thus, consolidation may result in unfair prejudice to these additional parties. Under these circumstances, the court declines to consolidate the derivative action with the instant securities class action, and accordingly DENIES the parties' stipulation.

---

[1] The court also notes that the derivative suit does not name Marc Rothman as a defendant, but Mr. Rothman is named as a defendant in the securities class action.

4

Case No.: 5:13-CV-01038-EJD
ORDER DENYING (1) MOTIONS FOR CONSOLIDATION; AND (2) STIPULATION IN RELATED ACTION ZOUMBOULAKIS V. RICHARD A. MCGINN, ET AL.; GRANTING THE SELZ FUNDS' MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

### c. Lead Plaintiff

In cases governed by the PLSRA, the plaintiff in the first-filed action must, within twenty days of the filing of the complaint, publish notice of the complaint in a widely circulated business publication. 15 U.S.C. § 78u–4(a)(3)(A)(i). The notice must include a description of the claim and notify prospective class members that they may move within 60 days of the notice to be named lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(A)(i) (I)-(II).  Once applications for lead plaintiff status are closed, the district court must determine who among the movants for lead plaintiff status is the "most adequate plaintiff." 15 U.S.C. § 78u–4(a)(3)(B)(i).  To aid the court in its determination, each proposed lead plaintiff must submit a sworn statement setting forth certain facts  designed to assure the court that the plaintiff (1) has suffered more than a nominal loss, (2) is not a professional litigant, and (3) is otherwise interested and able to serve as a class representative.  15 U.S.C. § 78u-4(a)(2)(A).  Here, each movant has provided this information to the court.

In the Ninth Circuit, In re Cavanaugh, 306 F.3d 726, 729–30 (9th Cir. 2002), governs the selection of a lead plaintiff in a securities class action using a three-step process. First, as discussed above, timely and complete notice of the action must be published. Id. at 729.  Second, the district court considers the losses suffered by potential lead plaintiffs and selects "the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" Id. at 730 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)).  In doing so, the court determines which plaintiff "has the most to gain from the lawsuit." Cavanaugh, 306 F.3d at 730. Third, the court evaluates the proposed lead plaintiff to ensure he or she "satisfies the requirements of [Fed. R. Civ. Pro.] 23(a), in particular those of 'typicality' and 'adequacy.'" Id.  A plaintiff who satisfies the first two steps becomes the "presumptively most adequate plaintiff." Id.  However, at step three, the competing plaintiffs have the opportunity to rebut the presumptive lead plaintiff's showing of typicality and adequacy. Id. at 730 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)).

5

Case No.: 5:13-CV-01038-EJD
ORDER DENYING (1) MOTIONS FOR CONSOLIDATION; AND (2) STIPULATION IN RELATED ACTION ZOUMBOULAKIS V. RICHARD A. MCGINN, ET AL.; GRANTING THE SELZ FUNDS' MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

Here, the parties do not dispute that notice was adequately published. Accordingly, step one has been satisfied. Under step two, the Selz Funds have emerged as the plaintiffs with the largest financial interest in the matter. Cavanaugh, 306 F.3d at 730. The Selz Funds purport to have lost over $6.2 million as a result of Defendants' alleged securities law violations; this alleged loss is nearly twice as a large as the next closest movant, and in fact larger than the combined losses of all other movants. See Dkt. No. 4 at 2. Accordingly, the Selz Funds appear to be the presumptive "most adequate plaintiff." Cavanaugh, 306 F.3d at 730. Like all movants, the Selz Funds allege that they purchased VeriFone securities during the class period based upon Defendants' false and misleading statements. These allegations suffice at this stage to show that the Selz Funds satisfy the typicality requirements of Federal Rule of Civil Procedure 23(a). In addition, the court does not find any indication in the record that the Selz Funds' interests would compete with those of the class. Thus, the Selz Funds preliminarily satisfies the adequacy requirement of Rule 23(a). No movant has come forward to rebut this presumption, as permitted by step three of the Cavanaugh analysis. Considering the Selz Funds' presumptive adequacy, and noting that no movant has contested the Selz Funds' typicality or adequacy, the court GRANTS the Selz Funds' motion for appointment as lead plaintiff.

### d. Lead Counsel

Once the court has designated a lead plaintiff, that lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). A court generally should accept the lead plaintiff's choice of counsel unless it appears necessary to appoint different counsel to "protect the interests of the class." Id. at § 78u–4(a)(3)(B)(iii)(II)(aa). In the Ninth Circuit, Cavanaugh establishes the standard for approval of lead counsel. 306 F.3d at 732. "[T]he district court does not select class counsel at all," and typically approves the lead plaintiff's selection of counsel. Id. at 732–34. Here, the Selz Funds have selected the law firm of Gold Bennett Cera & Sidener LLP to represent them. No opposition

6

Case No.: 5:13-CV-01038-EJD
ORDER DENYING (1) MOTIONS FOR CONSOLIDATION; AND (2) STIPULATION IN RELATED ACTION ZOUMBOULAKIS V. RICHARD A. MCGINN, ET AL.; GRANTING THE SELZ FUNDS' MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL

has been raised to this selection. The court thus GRANTS the Selz Funds' motion for appointment of lead counsel.

### III. Conclusion

Based on the foregoing, the court ORDERS as follows:

1. The motions to consolidate the securities class actions, as filed in Sanders (5:13-CV-1038) are DENIED as moot.
2. The stipulation in Zoumboulakis (5:13-CV-2379, Dkt. No. 10) is DENIED.
3. The court appoints the Selz Funds as Lead Plaintiff in this action.
4. The court appoints the law firm of Gold Bennett Cera & Sidener LLP as Lead Counsel in this action.
5. All future filings shall be in 5:13-CV-1038-EJD and shall bear the caption: "In re VeriFone Securities Litigation." The clerk shall rename this case accordingly.
6. On or before November 7, 2013, Lead Plaintiff in In re VeriFone Securities Litigation shall file an Amended Class Action Complaint.

The court hereby schedules a Case Management Conference in In re VeriFone Securities Litigation for December 6, 2013 at 10:00 a.m. The parties shall file a Joint Case Management Statement, in compliance with the undersigned's standing orders, on or before November 27, 2013.

This order terminates Dkt. Nos. 25, 26, 31, 33 in the Sanders action (5:13-CV-1038) and Dkt. No. 10 in the Zoumboulakis action (5:13-CV-2379).

**IT IS SO ORDERED**

Dated: October 7, 2013

                                            EDWARD J. DAVILA
                                            United States District Judge

Case No.: 5:13-CV-01038-EJD
ORDER DENYING (1) MOTIONS FOR CONSOLIDATION; AND (2) STIPULATION IN RELATED ACTION ZOUMBOULAKIS V. RICHARD A. MCGINN, ET AL.; GRANTING THE SELZ FUNDS' MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL