UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOFIA ZOUMBOULAKIS,<br><br>        Plaintiff,<br><br>    v.<br><br>RICHARD A. MCGINN, et al.,<br><br>        Defendants. | Case No. 5:13-cv-02379-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 48 |

Plaintiff Sofia Zoumboulakis ("Plaintiff") filed the instant shareholder derivative action for the benefit of Nominal Defendant VeriFone Systems, Inc. ("VeriFone" or "Company"), against certain former and current members of VeriFone's board of directors (the "Board") and executive officers (collectively, "Defendants"), alleging breach of fiduciary duties and violation of federal securities law. Presently before the court is Defendants' Motion to Dismiss Plaintiff's Second Amended Shareholder Derivative Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1. See Mot., Dkt. No. 48.

Federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1332(a). The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and previously vacated the associated hearing. Having carefully reviewed the parties' pleadings, the court grants Defendant's Motion to Dismiss for the reasons explained below.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

VeriFone is a global provider of technologies that process electronic payments for goods and services. Second Am. Compl., Dkt. No. 46 at ¶ 32. The Company serves customers including financial institutions, payment processors, industrial concerns, retailers, government organizations,

and healthcare providers. Id. The Company's technologies process payments from signature and PIN-based debit cards, credit cards, contactless or radio frequency identification at the point of sale via merchant-operated, consumer facing, and self-service systems. Id. Plaintiff is an owner and holder of VeriFone common stock. Id. at ¶ 13.

Plaintiff alleges that since VeriFone went public in 2005, it has been plagued with serious internal control deficiencies. Id. at ¶ 1. She alleges that in 2009, VeriFone was formally charged by the U.S. Securities and Exchange Commission ("SEC") with accounting fraud during 2007 that overstated operating income. Id. at ¶ 36. Plaintiff alleges that certain accounting adjustments were made allowing the Company to announce quarterly financial results in line with previous guidance. Id. at ¶¶ 36-37. However, when the financial results were released, they were significantly lower than the guidance. Id. Plaintiff alleges that in November 2009, VeriFone consented to the entry of a final judgment in the SEC action, which permanently enjoined the Company from violating federal securities law. Id. at ¶ 38. It also required the company to devise and maintain a system of internal accounting controls. Id.

Plaintiff alleges that while the Board and executive officers were aware that VeriFone's deficient controls had permitted improper manual adjustments to the Company's internal results, they failed to institute sufficient controls. Id. at ¶ 4. From 2012 through the beginning of 2013, the Company's Chief Financial Officer Robert Dykes ("CFO Dykes") allegedly pressured subordinate employees to inflate revenue and in other ways adjust revenue to bring it in line with previously forecast guidance. Id. at ¶¶ 43-44. In 2012, when financial analysts raised alarm that VeriFone's accounting did not appear proper, the Board caused the Company to issue a press release refuting such accusations. Id. at ¶¶ 45-46. Plaintiff alleges that the Board ignored the red flags, continued to certify the Company's internal controls as effective, made no changes to internal controls, and allowed the misconduct to continue. Id. at ¶ 5.

Plaintiff alleges that in February 2013, the Company announced that CFO Dykes had retired, but he was in fact terminated for cause. Id. at ¶¶ 47-48. Two weeks after the new CFO was appointed, the Company allegedly disclosed very poor preliminary results for its first fiscal

1    quarter of 2013. Id. at ¶ 51. Plaintiff alleges that as 2013 progressed without CFO Dykes to

2    adjust reported revenue, the public image of VeriFone deteriorated. Id. at ¶ 55. Furthermore,

3    Plaintiff alleges that due to manipulations in the Company's revenue numbers, VeriFone's

4    quarterly and annual financial disclosures, guidance, and proxy statements issued between

5    December 2011 and February 2013 were misleading. Id. at ¶ 56.

6        Plaintiff alleges that as a result of deficient internal controls and misleading financial

7    disclosures, VeriFone's credibility, corporate image, and goodwill were harmed. Id. at ¶ 74.

8    Moreover, VeriFone stock dropped from $54 per share in April 2012 to $16 per share in 2013. Id.

9        Plaintiff commenced the instant action in May 2013. See Dkt. No. 1. In August 2013, the

10   instant action was related to Sanders v. VeriFone Systems, Inc. et al, Case No. C 13-01038 EJD,

11   which is also before this court. See Dkt. No. 8. In January 2014, Plaintiff filed her First Amended

12   Complaint. See Dkt. No. 24. In March 2014, Defendants filed a Motion to Dismiss, which was

13   granted. See Dkt. Nos. 36, 42. Plaintiff subsequently filed a Second Amended Shareholder

14   Derivative Complaint, which is the operative complaint. See Dkt. No. 46.

15       In her Second Amended Complaint, Plaintiff asserts the following claims: (1) breach of

16   fiduciary duty; (2) abuse of control; (3) violations of § 14 of the Securities Exchange Act of 1934;

17   and (4) unjust enrichment. See id. Plaintiff names as defendants the following individuals: (1)

18   Robert W. Alspaugh, who is a Board member ("Director Alspaugh"); (2) Alex W. Hart, who is a

19   Board member ("Director Hart"); (3) Robert B. Henske, who is a Board member ("Director

20   Henske"); (4) Wenda Harris Millard, who is a Board member ("Director Millard"); (5) Eitan Raff,

21   who is a Board member ("Director Raff"); (6) Jeffrey E. Stiefler, who is a former Board member

22   ("Director Stiefler"); (7) Richard A. McGinn, who is a former Board member and former interim

23   CEO ("Director McGinn"); (8) Leslie G. Denend, who is a former Board member ("Director

24   Denend"); (9) Douglas G. Bergeron, who is the former CEO ("CEO Bergeron"); (10) CFO Dykes;

25   (11) Charles R. Rinehart, who is a former non-executive chairman ("Chairman Rinehart"). See id.

26       Defendants filed the instant Motion to Dismiss in December 2014. See Dkt. No. 48. This

27   matter has been fully briefed. See Opp'n, Dkt. No. 52; Reply, Dkt. No. 53.

28
3
Case No.: 5:13-cv-02379-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). Although particular detail is not generally necessary, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court usually "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court also must construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Nor must the court accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

### B. Federal Rule of Civil Procedure 23.1

Federal Rule of Civil Procedure 23.1 applies to shareholder derivative actions. Under Rule

23.1, "a shareholder must either demand action from the corporation's directors before filing a shareholder derivative suit, or plead with particularity the reasons why such demand would have been futile." Arduini v. Hart, 774 F.3d 622, 628 (9th Cir. 2014); see Fed. R. Civ. P. 23.1(b)(3). "The purpose of this demand requirement in a derivative suit is to implement the basic principle of corporate governance that the decisions of a corporation—including the decision to initiate litigation—should be made by the board of directors or the majority of shareholders." Rosenbloom v. Pyott, 765 F.3d 1137, 1148 (9th Cir. 2014) (internal quotations omitted).

### III.    DISCUSSION

Plaintiff alleges she did not make any demand on the board because such a demand would have been futile. Second Am. Compl. at ¶ 8. To determine demand futility, courts must look to the substantive law of the entity's state of incorporation to determine whether the demand is, in fact, futile. Rosenbloom, 765 F.3d at 1148. In this case, VeriFone is a Delaware corporation, thus Delaware law will apply.

Under Delaware law, "a shareholder who declines to make a demand on the board of directors may not bring a derivative action until he has demonstrated, with particularity, the reasons why pre-suit demand would be futile." Id. (internal quotations omitted). Demand futility "is gauged by the circumstances existing at the commencement of a derivative suit and concerns the board of directors sitting at the time the complaint is filed." Id. (internal quotations omitted). The court must determine futility on a case-by-case basis, and "[p]laintiffs are entitled to all reasonable factual inferences that logically flow from the particularized facts alleged[.]" Id. However, "conclusory allegations are not considered as expressly pleaded facts or factual inferences." Id.

Delaware law provides a two-prong test to determine demand futility. First "is whether, under the particularized facts alleged, a reasonable doubt is created that the directors are disinterested and independent." Id. at 1149. Second "is whether the pleading creates a reasonable doubt that the challenged transaction was otherwise the product of a valid exercise of business judgment." Id. This two-pronged approach is known as the "Aronson test," pursuant to Aronson

5

Case No.: 5:13-cv-02379-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

v. Lewis, 473 A.2d 805, 814 (Del. 1984), and is in the disjunctive. Id. "Therefore, if either prong is satisfied, demand is excused." Id.

Defendants' motion sets forth two main arguments: (1) Plaintiff pleads demand futility with respect to the wrong Board of Directors; and (2) Plaintiff fails to plead particularized facts establishing that VeriFone's Directors were unable to fairly consider a demand in a disinterested and independent way. Each argument will be addressed in turn.

### A. Demand Futility on New Board of Directors

Since the commencement of this action, there has been a change in the Board of Directors. Thus, as an initial matter, the parties dispute whether Plaintiff must plead demand futility on the board in place at the time this action was filed or at the time Plaintiff filed her Second Amended Complaint. Mot. at 9.

The Delaware Supreme Court has held that "when an amended derivative complaint is filed, the existence of a new independent board of directors is relevant to a Rule 23.1 demand inquiry only as to derivative claims in the amended complaint that are not already validly in litigation." Braddock v. Zimmerman, 906 A.2d 776, 786 (Del. 2006). The Court reasoned that "a complaint that has been dismissed is not validly in litigation" since "[i]t constitutes a judicial determination that the original complaint was either not well pleaded as a derivative action or did not satisfy the legal test for demand excusal." Id. Consequently, "the Rule 23.1 demand inquiry must be assessed by reference to the board in place at the time when the amended complaint is filed." Id. Where "a plaintiff's complaint has been dismissed and the plaintiff is given leave to file an amended complaint, [the Court] hold[s] that the plaintiff must make a demand on the board of directors in place at that time the amended complaint is filed or demonstrate that demand is legally excused as to that board." Id.

Here, Plaintiff's First Amended Complaint was dismissed in its entirety, thus there are no claims validly in litigation. Plaintiff's Second Amended Complaint constitutes an entirely new complaint that must be evaluated for demand futility. As such, Plaintiff must allege that she made a demand on the board in place at the time the Second Amended Complaint was filed on October

6
Case No.: 5:13-cv-02379-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

17, 2014, or allege that demand on that board would have been futile.

Plaintiff alleges the board is currently composed of nine directors—five directors were members of the original board, and four directors are new. See Second Am. Compl. at ¶ 80 n.4. While Plaintiff's allegations concern the original board of directors, the court will proceed with the demand futility analysis because the majority of the current board is still implicated. The court, however, will only consider allegations that pertain to the five implicated directors: Director Alspaugh, Director Hart, Director Henske, Director Millard, and Director Raff.[1]

### B.   Interestedness and Independence of the Board of Directors

As to demand futility, Defendants move to dismiss Plaintiff's complaint on the grounds that she has insufficiently pled particularized facts showing that a majority of the board of directors were interested and lacked independence. Mot. at 1.

Under the first prong of the Aronson test, "a director's interest may be shown by demonstrating a potential personal benefit or detriment to the director as a result of the decision." Rosenbloom, 765 F.3d at 1149. Thus, "directors who are sued have a disabling interest for pre-suit demand purposes when the potential for liability may rise to a substantial likelihood." Id. In a motion to dismiss, "plaintiffs must make a threshold showing, through the allegation of particularized facts, that their claims have some merit." Id. (internal quotations omitted).

Under the second prong of the Aronson test, "the question is whether the pleading creates a reasonable doubt that the challenged transaction was the product of a valid exercise of business judgment." Id. However, "for claims that demand is excused on the ground that a board remained consciously inactive when it knew (or should have known) about illegal conduct," a different test is applied—these are considered Caremark claims, pursuant to In re Caremark International Inc.

---

[1] In her complaint, Plaintiff acknowledges that the board of directors is composed of nine members. See Second Am. Compl. at ¶ 80 n.4. In her brief, however, she argues that while Paul Galant is on the board, he is the Company's CEO. Opp'n at 10 n.9. Therefore, she argues that he should not be included as a member of the board, making the board composition of only eight members. As such, she contends that she must plead demand futility only as to four members of the board. This argument is unpersuasive given that Plaintiff fails to provide any authority supporting such a proposition, and given that the court's task is to evaluate the sufficiency of allegations in the complaint.

Derivative Litigation, 698 A.2d 959, 971 (Del. Ch. 1996), tested under Rales v. Blasband, 634 A.2d 927 (Del. 1993). Id. at 1150. "Rales requires plaintiffs to allege particularized facts establishing a reason to doubt that the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." Id. (internal quotations omitted).

The Ninth Circuit has provided that the difference between the Aronson and Rales tests are blurred in cases where personal liability for breach of fiduciary duties implicates the board's availment of business judgment protections. Id. Thus, it does not matter which test applies. Id. "Under either approach, demand is excused if Plaintiffs' particularized allegations create a reasonable doubt as to whether a majority of the board of directors faces a substantial likelihood of personal liability for breaching the duty of loyalty." Id. In turn, the duty of loyalty "is violated where directors fail to act in the face of a known duty to act, thereby demonstrating a conscious disregard for their responsibilities and failing to discharge the non-exculpable fiduciary duty of loyalty in good faith." Id. (internal quotations omitted).

Plaintiff contends that a majority of the board knew of certain deficiencies in VeriFone's internal controls, but failed to act in improving those deficiencies or fully disclosing the wrongdoing. Opp'n at 13-14.[2] To establish this, Plaintiff alleges that Directors Alspaugh, Hart, Henske, and Raff were on the Board in 2009 when the SEC filed a complaint against VeriFone that noted certain improper adjustments made to the Company's financial records partly due to inadequate internal controls, and VeriFone consented to a final judgment to resolve the SEC's enforcement action. Second Am. Compl. at ¶¶ 36-38. Plaintiff further alleges that even as these directors continued to monitor internal controls, they received information about accounting

---

[2] An issue in dispute is how to characterize the board's inaction. Plaintiff contends the board's failure to act is a conscious inaction that should be evaluated under the framework set forth by the Ninth Circuit in Rosenbloom. See Opp'n at 8-9. Defendants, however, contend Plaintiff's allegations involve a failure-of-oversight matter that is subject to the stringent Caremark standard. See Reply at 2-3. Upon reviewing the complaint, the court determines the framework set forth in Rosenbloom is appropriate because of the "blurred line" the Ninth Circuit articulated regarding allegations involving conscious inaction.

8
Case No.: 5:13-cv-02379-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

wrongdoing. Id. at ¶¶ 58-69. For example, on April 30, 2012, Deutsche Bank released an analyst report advising investors to sell their VeriFone stock and questioning the Company's accounting practices. Id. at ¶¶ 45, 61. According to Plaintiff, these constituted red flags which should have required Directors Alspaugh, Hart, Henske, and Raff to investigate and ensure the Company's financial results were not being manipulated under CFO Dykes, and that the Company's internal controls were functioning properly. Opp'n at 17. These allegations, however, are insufficient for demand futility because they pertain only to four directors of the current Board—this is not the majority.

Moreover, Plaintiff alleges that Directors Alspaugh, Henske, Hart, and Raff were members of the Audit Committee, Corporate Governance and Nominating Committee, and Compensation Committee, which provided them with additional information about the Company. Second Am. Compl. at ¶¶ 30-31, 84-86. According to Plaintiff, this shows they had additional knowledge about deficient internal controls. Opp'n at 19. As above, however, these allegations are insufficient because they only involve four members of the current Board.

The only allegations involving five members of the current Board concern the termination of CFO Dykes. Plaintiff alleges that in February 2013, the Company announced that CFO Dykes had retired, but in actuality he was terminated for cause. Second Am. Compl. at ¶¶ 6, 47. Two weeks after the new CFO was appointed, the Company allegedly disclosed very poor preliminary results for its first fiscal quarter of 2013, which were significantly below guidance. Id. at ¶ 7. Plaintiff alleges that VeriFone never acknowledged that CFO Dykes previously inflated financial figures, thus the results for the first fiscal quarter of 2013 were lower than expected. Id. According to Plaintiff, given the deficiencies in internal controls and CFO Dykes' termination, the inaction of Directors Alspaugh, Hart, Henske, Raff, and Millard for failing to investigate raises at least a reasonable doubt as to liability. Opp'n at 22-23. The court, however, does not agree. As currently pled, it is unclear if the directors knew CFO Dykes was inflating financial figures, and whether the directors made a conscious decision not to act. Also, there is no indication that the alleged termination of CFO Dykes was linked to the alleged misconduct. Plaintiff fails to provide

1   particularized, non-conclusory factual allegations on this issue.

2       In considering all of Plaintiff's allegations, there is no indication that at least five of the
3   nine Board members knew of the alleged misconduct and made a conscious decision not to act.
4   While Plaintiff provides more detailed information in her opposition brief, these are lacking in the
5   Second Amended Complaint.  As such, Plaintiff has not sufficiently pled demand futility.

6   **IV.   CONCLUSION**

7       Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Second Amended
8   Shareholder Derivative Complaint is GRANTED.  Plaintiff's claims are DISMISSED WITH
9   LEAVE TO AMEND.  Any amended complaint must be filed on or before **December 18, 2015.**

11   **IT IS SO ORDERED.**

12   Dated: December 3, 2015



EDWARD J. DAVILA
United States District Judge

10
Case No.: 5:13-cv-02379-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS